SMITH and PENLAND *v.* CHARLES DEWEY, Assignee, &c.

The defendant, as assignee in bankruptcy of the Bank of North Carolina, had obtained judgment at Fall Term 1869 of Burke Superior Court, against the plaintiffs upon a note made by them to the bank ; an execution coming to the hands of the sheriff, the defendants, "being unable to obtain bills upon said bank," tendered to the sheriff one-half of the amount of the judgment, in currency, in satisfaction of the whole, which being refused, they obtained an injunction ; *Held*, that it had been granted improvidently.

MOTION, to vacate an injunction, overruled by *Cannon, J.*, at Chambers for HAYWOOD, June 18th 1870.

The complaint alleged that defendant, as assignee in bankruptcy of the Bank of North Carolina, had obtained a judgment against them, upon a note they had given to the bank, at Fall Term 1869 of Burke Court ; that execution issued therefor, and that they, " being unable to obtain bills upon said bank," had tendered to the sheriff one-half the amount of the judgment in currency, in satisfaction of the whole, and that it had been refused.

Thereupon, on application by them, his Honor issued an injunction. Subsequently, as above, the defendant applied at Chambers to have the order vacated. This was refused, and he appealed.

*Moore* and *Phillips & Merrimon*, for the appellant.
*Bragg, contra.*

PEARSON, C. J. Had the plaintiff been able to procure notes of the bank, and pleaded by way of set off, an interesting question would have been presented. But the question made by the facts set out in the complaint, is too plain for discussion. The plaintiff's case does not come within the meaning or the words of the statute, by the most latitudinous

construction, to say nothing of the bankrupt law, or the rule, " good matter must be pleaded in due form, apt time and proper order."

The order below is reversed, and the injunction vacated.

. PER CURIAM.                                    Reversed.